**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER SHAW, | : | |
| Plaintiff, | : | |
| v. | : | CASE NO.: 1:17-CV-80 (LAG) (TQL) |
| SGT. SPENCER, | : | |
| Defendant. | : | |

## ORDER

Before the Court is the Magistrate Judge's November 4, 2020 Report and Recommendation (R&R) (Doc. 135) on Defendant's Motion for Summary Judgment (Doc. 113) and *pro se* Plaintiff Christopher Shaw's Objection (Doc. 138). Plaintiff asserts a 42 U.S.C. § 1983 claim against Defendant Spencer. In the R&R, the Magistrate Judge recommends that Defendant's Motion for Summary Judgment (Doc. 113) be granted. (Doc. 135 at 10). Pursuant to 28 U.S.C. § 636(b)(1), the Magistrate Judge's R&R triggered the fourteen-day period in which the Parties may file written objections. (*Id.* at 19). After being granted an extension, Plaintiff timely filed an Objection on November 30, 2020. (Doc. 138). The Court has performed a *de novo* review of those portions of the R&R to which Plaintiff objects and reviewed all other findings for clear error. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

## LEGAL STANDARD

Federal Rule of Civil Procedure 56 allows a party to move for summary judgment when the party contends that no genuine issue of material fact remains, and the party is entitled to judgment as a matter of law. "Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Maddox v. Stephens*, 727 F.3d 1109, 1118 (11th

Cir. 2013) (citations omitted). "A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." *Grimes v. Miami Dade Cnty.*, 552 F. App'x 902, 904 (11th Cir. 2014) (per curiam) (citing *Chapman v. AI Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc)).

"An issue of fact is 'material' if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (first citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); and then citing *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998 (11th Cir. 1992)). "It is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Tipton*, 965 F.2d at 998 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). On a motion for summary judgment, the Court must view all evidence and factual inferences drawn therefrom in the light most favorable to the nonmoving party and determine whether that evidence could reasonably sustain a jury verdict in its favor. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Allen*, 121 F.3d at 646. The Court shall, however, "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The movant bears the initial burden of showing, by reference to the record, that there is no genuine issue of material fact. *See Celotex*, 477 U.S. at 323; *Barreto v. Davie Marketplace, LLC*, 331 F. App'x 672, 673 (11th Cir. 2009) (per curiam). The movant can meet this burden by presenting evidence showing that there is no genuine dispute of material fact or by demonstrating that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *See Celotex*, 477 U.S. at 322–24; *Barreto*, 331 F. App'x at 673; *see also Jones v. UPS Ground Freight*, 683 F.3d 1283, 1294 (11th Cir. 2012) (noting that hearsay may be considered on a motion for summary judgment only if it "could be reduced to admissible evidence at trial or reduced to admissible form" (quoting *Macuba v. Deboer*, 193 F.3d 1316, 1322 (11th Cir. 1999))). "When that burden has been met, the burden shifts to the nonmovant . . . to go beyond the pleadings and to present competent evidence in the form of affidavits,

answers to interrogatories, depositions, admissions and the like, designating specific facts showing a genuine issue for trial." *Lamar v. Wells Fargo Bank*, 597 F. App'x 555, 557 (11th Cir. 2014) (per curiam) (citations omitted).

## DISCUSSION

Plaintiff's claims arise out of events occurring during his incarceration at Calhoun State Prison. (Doc. 41). Ultimately, only Plaintiff's claims against Defendant Spencer were allowed to proceed. (Doc. 55). With regard to this claim, Plaintiff alleges that he wanted to eat breakfast so he "shook the door," which Defendant, an officer at the prison, ignored. (Doc. 41 at 8). He shook the door twice more and, using an expletive to refer to Defendant, stated that he could not believe that she was not going to let him eat. (*Id.*). Defendant filed a disciplinary report against Plaintiff for insubordination (Doc. 118-2 at 102:11–13). The following morning Defendant, accompanied by Sergeant Smith, came to Plaintiff's cell, beat on his bunk, and announced "the [expletive] [is] here," an apparent reference to Plaintiff's statement to Defendant on the previous day. (Doc. 113-17 at 17). Defendant told Plaintiff to get down off of his bunk and allow himself to be handcuffed, and Plaintiff complied. (*Id.* at 19). Plaintiff maintains that Defendant applied the handcuffs too tightly from the beginning, and that he told Defendant multiple times that "the handcuffs are way too tight." (*Id.* at 20). After Plaintiff told Defendant multiple times that the cuffs were too tight, Plaintiff alleges that Defendant "grabbed both sides of the handcuffs . . . and she squeezed and then lifted," causing him to fall to the ground. (*Id.* at 21). Plaintiff claims that he suffered injuries to his wrist, including indentations, swelling of the hand and wrist, and punctured skin and that he can no longer type. (*Id.* at 26, 32, 47).

Defendant moves for summary judgment as to Plaintiff's Eighth Amendment claim alleging excessive force. The Magistrate Judge held that, while the "facts and reasonable inferences viewed in the light most favorable to Plaintiff do not establish the need for the use of force" and that "the relationship between the need for force and the amount of force used weighs in favor of a finding of a constitutional violation," the "uncontradicted facts taken in the light most favorable to the Plaintiff herein do not show that Plaintiff suffered any serious injuries from the alleged use of excessive force." (Doc. 135 at 7–9). Finding

that Plaintiff only suffered *de minimis* injuries, the Magistrate also held that such *de minimis* injury did not support a finding of excessive force. Accordingly, the Magistrate recommended granting summary judgment. Plaintiff contends that the Magistrate Judge erred by finding that Plaintiff suffered only *de minimis* injuries and that the Magistrate Judge did not properly analyze whether force was used maliciously and sadistically. (Doc. 138 at 5–9).

Since Plaintiff asserts an excessive force claim, Plaintiff must "establish two elements—one subjective and one objective: the official must have both 'acted with a sufficiently culpable state of mind' (the subjective element), and the conduct must have been 'objectively harmful enough to establish a constitutional violation.'" *Sconiers v. Lockhart*, 946 F.3d 1256, 1265 (11th Cir. 2020) (quoting *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)). Plaintiff's claim fails on the objective element.

"[T]he objective component of an excessive-force violation . . . focuses on whether the official's actions were 'harmful enough,' or 'sufficiently serious,' to violate the Constitution." *Sconiers*, 946 F.3d at 1265 (first quoting *Hudson*, 503 U.S. at 8; and then quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). "[N]ot 'every malevolent touch by a prison guard gives rise to a federal cause of action.'" *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (per curiam) (citation omitted). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id.* at 37–38 (citation omitted). "Instead, the Eighth Amendment prohibits force that offends 'contemporary standards of decency,' regardless of whether 'significant injury is evident,' though the extent of injury may shed light on the amount of force applied or 'whether the use of force could plausibly have been thought necessary.'" *Sconiers*, 946 F.3d at 1266 (quoting *Wilkins*, 559 U.S. at 37).

Plaintiff fails to satisfy the "objective component" of the excessive-force violation. Plaintiff claims that he suffered injuries to his wrist, including indentations, swelling of the hand and wrist, and punctured skin and that he can no longer type. (Doc. 113-17 at 26, 32, 47). The Eleventh Circuit has held injuries such as these to be *de minimis*. *See Dixon v.*

*Toole*, 225 F. App'x 797, 799 (11th Cir. 2007) (per curiam) (finding mere bruising from the application of restraints to be only a *de minimis* injury); *Nolin v. Isbell*, 207 F.3d 1253, 1258 n.4 (11th Cir. 2000) (defendant's actions caused only minor bruising which quickly disappeared without treatment and was therefore only *de minimis*); *cf. Smith v. Vavoulis*, 373 F. App'x 965, 967–68 (11th Cir. 2010) (per curiam) (plaintiff suffered more than *de minimis* injuries, including bruises, a deep cut on his wrist and swelling, knots on his head, bleeding from the mouth, and burning from mace spray). In fact, in *Tate v. Rockford*, the court noted that the Eleventh Circuit "previously concluded that the use of force sufficient to break bones did not violate the Eighth Amendment under the circumstances even though the prisoner had not offered physical resistance." 497 Fed. Appx. 921, 925 (11th Cir. 2012) (per curiam) (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1311 (11th Cir. 2007)). Thus, as there is no genuine issue of material fact as to the objective element of Plaintiff's excessive force claim, the Magistrate Judge did not err when finding that summary judgment was appropriate.

## CONCLUSION

Upon full review and consideration of the record, the Court finds that the R&R (Doc. 135) should be, and hereby is, **ACCEPTED**, **ADOPTED**, and made the Order of this Court for the reasons stated herein. Plaintiff's Objection (Doc. 138) is **OVERRULED**.

**SO ORDERED**, this 24th day of March, 2021.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, JUDGE**
**UNITED STATES DISTRICT COURT**